# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERNARD SCOTT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, | : | |
| PHILADELPHIA POLICE DEPARTMENT, | : | |
| POLICE OFFICER, ROBERT HEENEY, | : | |
| POLICE OFFICER, MS KATIE LANKFORD | : | NO. 19-2871 |

## MEMORANDUM

**Savage, J.**                                                                  August 1, 2019

Plaintiff Bernard Scott, a prisoner incarcerated at the Philadelphia Detention Center, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983 seeking damages for injuries he sustained while being transported by a police officer. He seeks to proceed *in forma pauperis*. We shall grant Scott leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to state a claim.

## Facts

Scott names as defendants the City of Philadelphia, the Philadelphia Police Department, and police officers Robert Heeney and Katie Lankford. He alleges that on October 7, 2018, Heeney arrested him and placed him in the back of a patrol car.[1]

---

[1] Scott does not seem to be raising claims based on his arrest, but on what occurred during transport after the arrest. Public dockets reflect that on the date in question, Scott was arrested and charged with firearms offenses. *See Commonwealth v. Scott*, MC-51-CR-0025843-2018 (Phila. Municipal Ct.). The charges are currently pending. *See Commonwealth v. Scott*, CP-51-CR-0007582-2018 (Phila. Ct. Common Pleas). If Scott intended to challenge his arrest, he has not provided any facts explaining how probable cause was lacking for his arrest. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995) (to state a false arrest claim plaintiff must allege facts establishing that he was arrested without probable cause); *see also Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (per curiam) (explaining that to the extent plaintiff was asserting claims for false arrest and false imprisonment, "[plaintiff] needed to point to facts suggesting that [defendant] lacked probable cause to believe he had committed the offense for which he was arrested").

Because he refused to provide Heeney with identification, Heeney transported him to the police station.

Once Lankford identified him, Heeney drove away at a high rate of speed with Lankford following in her car. According to Scott, while he was in the police vehicle, Heeney slammed on the brakes when he tried to roll down the window, causing him to slide forward, hit his head on the back of the front seat, and pass out. As a result, he sustained injuries and was taken to the hospital, where he awoke with intravenous tubes in his arms and a heart monitor.

Scott seeks damages for "pain and suffering, mental anguish, emotional distress, deliberate indifference, excessive force, assault and battery."[2] He also alleges that he lost his business and work vehicle, and that his home was foreclosed upon because he was incarcerated.

**Standard of Review**

Because it appears that he is not capable of paying the fees to commence this civil action, Scott will be granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which means the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Because Scott is proceeding *pro se*,

---

[2] Compl. Doc. No. 2 at 9. The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

we construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## Discussion

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, Scott has not stated a claim against the defendants.

### Philadelphia Police Department

The Philadelphia Police Department is not a separate entity from the City and is not a person subject to suit under § 1983. *See Gremo v. Karlin*, 363 F. Supp. 2d 771, 780 (E.D. Pa. 2005); *see also* 53 Pa. Cons. Stat. Ann. § 16257. Therefore, we shall dismiss Scott's claims against the Philadelphia Police Department.

### City of Philadelphia

To state a § 1983 claim against a municipality, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, --- F.3d ---, No. 16-4351, 2019 WL 2998601, at *8 (3d Cir. July 10, 2019). "This consists of a showing

3

as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

Here, nothing in the complaint suggests that any constitutional violations stemmed from a municipal policy or custom, or municipal failures amounting to deliberate indifference. Thus, Scott has failed to state a plausible basis for a claim against the City of Philadelphia.

## Officers Heeney and Lankford

Scott's claims against Heeney and Lankford appear to be based on theories that he was subjected to unconstitutional punishment and excessive force. The Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). To establish a basis for a Fourteenth Amendment violation, a detainee must establish that the conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). Unconstitutional punishment typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson*, 501 U.S. at 298; *Bell*, 441 U.S. at 538-39, 539 n.20). In general, a detainee must establish that the defendants acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *Cf. Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (per curiam) ("[W]e

4

agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)).

To state a due process violation based on excessive force, a detainee must allege facts to plausibly suggest that "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). "Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.*

Allegations of reckless driving, such as speeding or slamming the brakes, even when coupled with the absence of safety restraints do not rise to the level of deliberate indifference sufficient to state a claim. *See Otero v. Catalogne*, No. 08-282 ERIE, 2010 WL 3883444, at *11 (W.D. Pa. Sept. 28, 2010) (dismissing deliberate indifference claim where "despite Plaintiff's conclusory allegations that Defendant Canada 'intentionally' drove recklessly with 'total disregard' for Plaintiff's safety, Plaintiff has not alleged that he asked Defendant Canada to stop driving recklessly, and that such a request was consciously ignored"); *Bryant v. Downs*, No. 609-CV-1670-ORL28KRS, 2010 WL 2593564, at *5 (M.D. Fla. June 28, 2010) (dismissing deliberate indifference claim where plaintiff alleged that "the drivers continually slammed on the breaks (*sic*) or took turns too quickly, which resulted in the prisoners being thrown back and forth across the van, as

they had no seat belts"); *Grisby v. Cotton*, No. CV408-214, 2009 WL 890543, at *1 (S.D. Ga. Mar. 31, 2009) (dismissing constitutional claim where inmate alleged that the defendant "was traveling in excess of the posted speed limit and collided with a white truck, which was apparently stopped at a red light" while the inmate's hands were shackled to his feet and he was not wearing a seatbelt). In contrast, where the plaintiff's allegations of reckless driving are coupled with allegations that the driver intended harm, refused to slow down after being asked, or declined to fasten an inmate's seatbelt despite the inmate's protestations, courts have found a basis for a constitutional claim. *See Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013) (prisoner stated claim where he alleged that defendant "operated the prison van recklessly, knowing that there was a substantial risk that [plaintiff] would be injured if the van stopped abruptly because [plaintiff] was shackled in leg irons and handcuffs and was not provided with a seatbelt" and because defendant "told another officer that other inmates similarly had been injured the prior week and during other incidents, which 'happen [ ] all the time.'"); *Brown v. Missouri Dep't of Corr.*, 353 F.3d 1038, 1040 (8th Cir. 2004) (per curiam) ("We conclude Brown stated a claim against the five COs involved in transporting the inmates, as he alleged he asked them all to fasten his seatbelt, but they refused."); *see also Scott v. Becher*, 736 F. App'x 130, 133 (6th Cir. 2018) (rejecting qualified immunity where the defendant "was driving above the speed limit, swerving, and generally driving recklessly" and when the inmates begged him to slow down, "refused, laughed, and instead accelerated").

Here, the complaint fails to state a federal claim against either Heeney or Lankford. At most, Scott's allegations indicate that Heeney was driving too fast, got distracted in a

6

moment, and caused an accident. Although unclear, the Complaint suggests that Lankford, who was following Heeney's vehicle in her vehicle, may have rear-ended the car in which Scott was travelling. Scott's allegations do not plausibly suggest that Heeney or Lankford intended to punish him or that they knowingly or purposefully caused the traffic accident to subject him to harm. *Compare Jabbar v. Fischer*, 683 F.3d 54, 58 (2d Cir. 2012) ("Here, Jabbar did not allege that there was any intent to punish or other improper motivation for the lack of inmate seatbelts on the Ulster hub bus, and we cannot reasonably infer such intent.") *with Thompson v. Commonwealth of Virginia*, 878 F.3d 89, 101–02 (4th Cir. 2017) ("Because Mr. Thompson has alleged facts from which a reasonable factfinder could conclude that Officer Cooper maliciously subjected him to a rough ride, he has sufficiently alleged an Eighth Amendment excessive force claim."). Therefore, we shall dismiss Scott's claims against Heeney and Lankford.[3]

## Conclusion

We shall dismiss the complaint for failure to state a claim and grant Scott leave to file an amended complaint.

/s/ TIMOTHY J. SAVAGE J.

---

[3] Dismissing Scott's claims for constitutional violations does not preclude him from bringing negligence claims against Heeney and the City in state court.