**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BERNARD SCOTT** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| **PHILADELPHIA POLICE DEPARTMENT,** | : | |
| **POLICE OFFICER, ROBERT HEENEY,** | : | |
| **POLICE OFFICER, MS KATIE LANKFORD** | : | **NO.  19-2871** |

### MEMORANDUM

**Savage, J.**                                                                                   **October 23, 2019**

Bernard Scott, a prisoner incarcerated at the Philadelphia Detention Center, has filed an amended complaint in his § 1983 action,[1] seeking damages for injuries he allegedly sustained while being transported by a police officer.  Scott names the same defendants as he did in his Complaint -- the City of Philadelphia, the Philadelphia Police Department, Police Officer Robert Heeney and Police Officer Katie Lankford.  For the following reasons, we shall dismiss his amended complaint.

### FACTS[2]

Scott's allegations about the collision that led to his injuries are in essence the same as those in his initial complaint.  He alleges that on October 7, 2018, Heeney arrested him and placed him in the back of a police car.  When Scott would not provide Heeney with identification, Heeney transported him to the police station.  Scott alleges

---

[1] On August 1, 2019, we granted Scott leave to proceed *in forma pauperis*, dismissed his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and granted him leave to file an amended complaint. Aug. 1, 2019 Op. and Order (Doc. Nos. 6, 7).

[2] The following facts, which are accepted as true, are taken from the allegations of Scott's Amended Complaint.

that Heeney drove at a high rate of speed, yelled at him, and called him names for failing to provide information about his identity. Lankford ultimately identified Scott at the station.

Scott alleges that once he was identified, Heeney drove away at a high rate of speed while calling him "all types of vulgar names."[3] He also claims that Lankford was "speeding behind . . . Heeney, while he was doing something with the driver side window."[4] Heeney then slammed on the brakes, causing Scott to slide forward, hit his head on the back of the front seat, and pass out. Scott sustained injuries and was taken to the hospital. When he awoke, he had intravenous tubes in his arms and was attached to a heart monitor. He also received a CAT scan.

Heeney transported Scott from the hospital back to the police station. Scott alleges that Heeney drove "at a high rate of speed" with Lankford following.[5] He claims that Heeney and Lankford "forced [him] to walk while he was in pain, [he] could not walk on [his] right ankle," and also alleges that "[his] right shoulder was hurting and [his] left wrist up to [his] thumb was injured . . . by the way [Heeney and Lankford] pulled [him] out of the police vehicle and dumped [him] into a wheel chair while passed out."[6] Based on these allegations, Scott seeks damages for his injuries, the loss of his business, and work vehicle.[7]

---

[3] Am. Compl. at 6. (Doc. No. 9). We adopt the pagination assigned to the Amended Complaint by the CM/ECF system.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] It is not clear how Scott's loss of his business or work vehicle relates to the events described in the Amended Complaint.

## STANDARD OF REVIEW

Because Scott is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires us to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A court may dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plaintiff must allege facts that indicate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Pleading only "facts that are 'merely consistent with' a defendant's liability" is insufficient and cannot survive a motion to dismiss. *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, Scott must allege facts which, if proven, would establish that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the person depriving him of that right acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010) (citation omitted). Accepting the facts alleged in the Amended Complaint as true and drawing all inferences from them in favor of Scott, we conclude that Scott has not stated a plausible claim against the defendants.

### Philadelphia Police Department

As we stated in our August 1, 2019 Opinion, the Philadelphia Police Department is not a separate entity from the City and is not a person subject to suit under § 1983. *See Gremo v. Karlin*, 363 F. Supp. 2d 771, 780 (E.D. Pa. 2005); *see also* 53 Pa. Cons. Stat. Ann. § 16257. Accordingly, we will again dismiss all claims against the Philadelphia Police Department.

### City of Philadelphia

In order to state a § 1983 claim against a municipality, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

Nothing in the Amended Complaint suggests that the claimed constitutional violations stemmed from a municipal policy or custom, or municipal failures that amounted

to deliberate indifference.  Accordingly, we find that Scott has not stated a plausible claim against the City of Philadelphia.

### Officers Heeney and Lankford

In his Amended Complaint, as he did in his initial complaint, Scott claims that Heeney and Lankford subjected him to unconstitutional punishment and excessive force. The Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).  To establish a basis for a Fourteenth Amendment violation, a detainee must establish that the conditions of confinement amount to punishment.  *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). Unconstitutional punishment typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007).  The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Bell*, 441 U.S. at 538-39, 539 n.20). In general, a detainee must establish that the defendants acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety.  *Cf. Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (per curiam) ("[W]e agree with the District Court and find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)).

To state a due process violation based on excessive force, a detainee must allege facts to suggest "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).   As did the

initial Complaint, the Amended Complaint fails to state a claim against Heeney or Lankford. Scott alleges that a vehicular collision caused his injuries. He alleges that Heeney was driving too fast, got distracted "while he was doing something with the driver side window," and caused a traffic accident.[8] Although it is unclear, the Amended Complaint suggests that Lankford, who was following Heeney's vehicle in her vehicle, rear-ended the car in which Scott was being transported. Again, Scott's allegations do not plausibly suggest that Heeney or Lankford intended to punish him or that they knowingly or purposefully caused the traffic accident to subject him to harm. At most, he states a negligence claim. Therefore, we shall dismiss Scott's constitutional claims against Heeney and Lankford based on the vehicular collision.

Scott adds new allegations in his Amended Complaint, stating that Heeney and Lankford "forced [him] to walk while [he] was in pain" and hurt his shoulder and wrist by "pull[ing] [him] out of the police vehicle and dump[ing] [him] into a wheel chair while passed out."[9] These allegations do not state a constitutional claim for excessive force.

Scott's new factual allegations do not provide sufficient detail to support a plausible claim. He alleges that Heeney and Lankford made him walk while he was in pain to a wheelchair they provided. He does not claim they injured him while transferring him to the wheelchair. There is no allegation that Heeney and Lankford were aware Scott was in pain at the time he was made to walk or the circumstances under which he was made to walk. There are also no allegations to suggest that Heeney and Lankford did anything more than act negligently when they placed him in the wheelchair. In sum, Scott has not

---

[8] Am. Compl. at 6 (Doc. No. 9).

[9] *Id.*

alleged a plausible basis for proceeding on constitutional claims that Heeney and/or Lankford were deliberately indifferent to his serious medical needs.

## CONCLUSION

For the foregoing reasons, we shall dismiss Scott's Amended Complaint for failure to state a claim. Scott having failed to state a claim after having had an opportunity to do so, we shall not grant him leave to amend his complaint a second time because it appears further attempts at amendment would be futile.


/s/ TIMOTHY J. SAVAGE J.